UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

FRANK VETRONE, as Trustee of the Cent.
NY Painters & Allied Trades Defined Benefit
Pension Fund,

                          Plaintiff,                         5:09-CV-1350
                                                             (GTS/TWD)
v.

HOLT COMPANIES INC., f/k/a Holt Painting
Co., Inc.,

                          Defendant.
_____

APPEARANCES:                                  OF COUNSEL:

ALI, PAPPAS & COX, PC                         P. DOUGLAS DODD, ESQ.
  Counsel for Plaintiff
614 James Street
Syracuse, New York 13203

MELVIN & MELVIN, PLLC                         ELIZABETH A. GENUNG, ESQ.
  Counsel for Defendant
217 South Salina Street
Syracuse, New York 13202

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

        Currently pending before the Court, in this action filed by Frank Vetrone as Trustee of

the Central NY Painters & Allied Trades Defined Benefit Pension Fund ("Plaintiff") against Holt

Companies, Inc. ("Defendant") pursuant to the Employee Retirement Income Security Act

("ERISA") as amended by the Multiemployer Pension Plan Amendments Act of 1980

("MPPAA"), is Plaintiff's motion for summary judgment pursuant to Fed. R. Civ. P. 56.  (Dkt.

No. 15.)[1]  For the reasons set forth below, Plaintiff's motion is granted.

## I.  RELEVANT BACKGROUND

### A.  Plaintiff's Claims

Plaintiff filed his Complaint in this action on December 3, 2009.  (Dkt. No. 1.)
Generally, liberally construed, Plaintiff's Complaint asserts the following factual allegations.

Defendant was a party to a collective bargaining agreement that required it to make
contributions on behalf of its employees to The Central NY Painters & Allied Trades Defined
Benefit Pension Fund ("Pension Fund").  (*Id.*)  Defendant's obligations were set forth in the
Third Restated Agreement and Declaration of Trust of the Central New York Painters & Allied
Trades Defined Benefit Pension Trust Fund ("Plan").  (*Id.*)  On or about June 30, 2007,
Defendant permanently ceased to have an obligation to contribute to the Pension Fund, or ceased
all covered operations under the Plan.  (*Id.*)  As a result, the Pension Fund determined that
Defendant had completely withdrawn from the Plan as described in 29 U.S.C. § 1383(a).  (*Id.*)
Pursuant to 29 U.S.C. §§ 1391 *et seq.*, the Pension Fund assessed Defendant's withdrawal
liability in the sum of $314,833.54.  (*Id.*)  By letter dated September 9, 2008, the Pension Fund
notified Defendant that the withdrawal liability was $314,833.54, and stated that he was required
to make interim quarterly payments of $19,403.28 until the full amount of the withdrawal
liability was satisfied.  (*Id.*)  As of the date of the Complaint, however, Plaintiff has failed to
make interim payments in accordance with the schedule.  (*Id.*)

---

[1]     Although Plaintiff's Notice of Motion identifies his motion as one for "partial
summary judgment," his supporting memorandum of law identifies his motion as one for
"summary judgment."  (*Compare* Dkt. No. 15 *with* Dkt. No. 15, Attach. 2, at 5, 10 [attaching
pages "2" and "6" of Plf.'s Memo. of Law].)  Furthermore, if granted in its entirety, the motion
would grant all of the relief requested in Plaintiff's complaint.  (Compare Dkt. No. 15, Attach. 2
with Dkt. No. 1, at ¶¶ 18, 27 & "Wherefore" Clause.)  As a result, the Court construes Plaintiff's
motion as one for summary judgment.

Based on these factual allegations, liberally construed,[2] Plaintiff's Complaint asserts the following three claims against Defendant arising under the MPPAA, 29 U.S.C. §§ 1381 *et seq.*: (1) a claim that Defendant has violated 29 U.S.C. § 1399(c)(2) by failing to pay its withdrawal liability in accordance with the schedule set forth by the Plan (beginning no later than 60 days after the date of the demand), entitling Plaintiff to the interim payments of that withdrawal liability in accordance with the schedule set forth by the Plan; (2) a claim that Defendant has violated 29 U.S.C. § 1399(c)(5) by defaulting on its obligation under 29 U.S.C. § 1399(c)(5) (by failing to make, when due, any payment under 29 U.S.C. § 1399[c][2] within 60 days of being notified in writing of that failure), entitling Plaintiff to the immediate payment of the outstanding amount of its withdrawal liability; and (3) a claim for interest, statutory costs and attorney fees in accordance with 29 U.S.C. § 1132(g).  (*Id.*)[3]  Familiarity with the factual allegations supporting these claims in Plaintiff's Complaint is assumed in this Decision and Order, which is intended primarily for the review of the parties.  (*Id.*)

## B.     Undisputed Material Facts

From 1999 through about April 30, 2007, Defendant and "Painters District No. 4" (a union affiliated with the International Union of Painters and Allied Trades) were parties to a collective bargaining agreement that required Defendant to make contributions to the Pension

---

[2]     *All* complaints (not just *pro se* complaints) must be construed "liberally."  *See* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."); *Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir. 2001) ("In making this assessment [of the pleading sufficiency of a complaint], we must . . . construe the complaint liberally.") (internal quotation marks omitted).

[3]     With regard to the second claim described above, the Court notes that the Court's interpretation of Plaintiff's Complaint as requesting immediate payment of the outstanding amount of Defendant's withdrawal liability under 29 U.S.C. § 1399(c)(5) is supported not simply by the fact that Plaintiff's Complaint expressly references the immediate-payment section of Section 1399(c)(5) and the fact that it expressly alleges that Defendants is in "default" pursuant to Section 1399(c)(5), but the fact that it also requests "such other and further relief as . . . the Court may seem just and proper."  (Dkt. No. 1, at ¶¶ 18, 27, & "Wherefore" Clause).

Fund on behalf of its employees. (*Compare* Dkt. No. 15, Part 3 [Plf.'s Rule 7.1 Statement] *with*

Dkt. No. 18 [Defs.' Rule 7.1 Response].) On or about April 30, 2007, Defendant ceased

operations as a union painter, ceased to have an obligation to contribute to the Pension Fund, and

effected a "complete withdrawal" from the Plan, as that term is defined in 29 U.S.C. § 1399(b).[4]

(*Id.*) In May 2007, Defendant ceased paying its contributions to the Pension Fund. (*Id.*) On or

about September 9, 2008, Plaintiff sent Defendant a written notice and demand of withdrawal

liability. (*Id.*) On or about September 10, 2009, Defendant received that written notice and

demand. (*Id.*) The written notice and demand stated as follows, in pertinent part:

> A recent audit revealed that your company withdrew from the Plan
> in the year ending June 30, 2007, and that an employer withdrawal
> liability in the sum of $314,833.54 has resulted.
>
> Demand is hereby made that you begin repaying the withdrawal
> liability within 60 days of the date of this letter. Pursuant to
> ERISA, you are allowed to make 18 quarterly payments of
> $19,403.28 followed by a final payment of $8,449.69 in order to
> satisfy your obligation.

(*Id.*)[5] However, subsequently, Defendant failed to remit any funds toward the payment of the

assessed withdrawal liability. (*Id.*) In addition, Defendant filed no demand for arbitration to

contest the withdrawal assessment pursuant to 29 U.S.C. § 1401(a). (*Id.*)

---

[4]     The parties dispute the exact date of Defendant's withdrawal. However that date is not relevant to the Court's ruling.

[5]     While Plaintiff asserts that the letter "attached [an] invoice," he fails to support that assertion with a copy of the letter (which is cited but not attached to the affidavit of Frank Vetrone). (*Compare* Dkt. No. 15, Attach. 3, at ¶ 12 [citing Paragraph 13 of Affidavit of Frank Vetrone, which cited an "Exhibit A" that was purportedly attached to the Affidavit] *with* Dkt. No. 15, Attach. 3, at 5-7 [omitting the "Exhibit A" that was purportedly attached to the Affidavit of Frank Vetrone.].) While not explained by the parties, the Court assumes that the $42,875.19 difference between the withdrawal liability ($314,833.54) and the sum total of interim payments ($357,708.73) is due to interest accruing over the course of the payment schedule, pursuant to 29 U.S.C. § 1399(c)(3).

Familiarity with the remaining undisputed material facts of this action, as well as the

disputed material facts, as set forth in the parties' Rule 7.1 Statement and Rule 7.1 Response, is

assumed in this Decision and Order, which (again) is intended primarily for review by the

parties.  (*Id*.)

### C.      Plaintiffs' Motion for Summary Judgment

Generally, in support of its motion for summary judgment, Plaintiff asserts the following

three arguments: (1) because Defendant is required by 29 U.S.C. § 1399(c)(2) to make interim

payments according to the schedule set forth in the notice and demand of withdrawal liability of

September 9, 2008, but has failed to do so, Defendant owes Plaintiff those payments, at the very

least, pursuant to that schedule; (2) indeed, because Defendant has been notified in writing of its

failure to pay the aforementioned obligation, but has failed to timely cure that failure, it has

defaulted on that obligation pursuant to 29 U.S.C. § 1399(c)(5)(B), triggering the "immediate

payment" provision of 29 U.S.C. § 1399(c)(5); and (3) in addition, Plaintiff is entitled to an

award of interest and an additional award of interest or liquidated damages, whichever is greater,

pursuant to 29 U.S.C. § 1132(g), as well as statutory costs and attorney fees in accordance with

29 U.S.C. §§ 1132(g), 1399(c)(3) and 1451(e).  (Dkt. No. 15, Part 2, at 9-11 [attaching pages "5"

through "7" of Plf.'s Memo. of Law].)

Generally, in its response, Defendant asserts the following five arguments: (1) Plaintiff is

not entitled to the payment of the alleged withdrawal liability, because it failed to demand the

alleged withdrawal liability "[a]s soon as practicable after [Plaintiff's] . . . withdrawal," as

required by 29 U.S.C. § 1399(b)(1); (2) in any event, Plaintiff is not entitled to the "immediate

payment" of any such liability (as opposed to payment pursuant to the schedule set forth by the

Plan) because it has failed to properly declare a "default" pursuant to 29 U.S.C. § 1399(c)(5);

(3) because of Plaintiff's delay in providing Defendant information that Defendant requested regarding Plaintiff's withdrawal-liability calculations, Defendants has been prejudiced in terms of making an informed and timely decision about whether it possessed a claim in arbitration against Plaintiff, which prejudice is highly material given that Plaintiff's calculations are unreliable; (4) Defendants has also been prejudiced by Plaintiff's submission of a proposed payment schedule that was unreasonable (due to Defendant's poor financial condition), and Plaintiff's refusal to revise that schedule; and (5) Plaintiff had unfairly singled out Defendant for enforcement.  (Dkt. No. 18, Part 12, at 8-13  [attaching pages "5" through "10" of Def.'s Opp. Memo. of Law].)

Generally, in his reply affidavit, Plaintiff responds to Defendant's arguments as follows: (1) contrary to Defendant's assertion that Plaintiff failed to demand the alleged withdrawal liability as soon as practicable, Plaintiff notified Defendant of its default, and demanded payment, as soon as Plaintiff was able to take the several steps necessary to render such notice and demand; (2) contrary to Defendant's assertion that it has been prejudiced in terms of pursuing arbitration, after Plaintiff rendered such notice and demand, Defendant simply asked for more information from Plaintiff and indicated that its financial circumstances were poor, rather than seeking arbitration; (3) contrary to Defendant's assertion that Plaintiff's calculations were unreliable, Plaintiff arrived at those calculations with the assistance of an actuary firm that used customary and accurate calculations; and (4) contrary to Defendant's assertion that it has been singled out as the only target of Plaintiff's efforts to collect employer withdrawal liability, Plaintiff investigated making demands of three other employers, finding no such liability possessed by one employer, being precluded by a bankruptcy proceeding of making a demand against a second employer, making a demand against and reaching a settlement with the third

employer, and suing in federal court and settling with the fourth employer.  (Dkt. No. 19.)[6]

## II.   RELEVANT LEGAL STANDARDS

### A.   Legal Standard Governing Motions for Summary Judgment

Because the parties to this action have demonstrated, in their memoranda of law, an accurate understanding of the legal standard governing motions for summary judgment, the Court will not recite that  well-known legal standard in this Decision and Order, but will direct the reader to the Court's recent decision in *Pitts v. Onondaga Cnty. Sheriff's Dep't*, 04-CV-0828, 2009 WL 3165551, at *2-3 (N.D.N.Y. Sept. 29, 2009) (Suddaby, J.), which accurately recites that legal standard.

### B.   Legal Standards Governing Plaintiff's Claims

Because the parties to this action have demonstrated, in their memoranda of law, an accurate understanding of the relevant points of law contained in the legal standards governing Plaintiff's claims in this action, the Court will not recite, in their entirety, those legal standards in this Decision and Order, which (again) is intended primarily for review by the parties.  (Dkt. No. 15, Part 2 [Defs.' Memo. of Law]; Dkt. No. 18, Part 12 [Plf.'s Reply Memo. of Law]; Dkt. No. 19 [Defs.' Reply Memo. of Law].)

---

[6]     The Court notes that Plaintiff's reply affidavit is largely argumentative in nature, in that it states (1) general facts without supplying the basis for the affiant's personal knowledge of those facts, and/or on personal information and/or (2) legal conclusions.  (Dkt. No. 19.) Counsel is respectfully reminded that, under the Local Rules of Practice for this Court, an affidavit may not contain legal arguments but must present facts based on the personal knowledge of the affiant.  N.D.N.Y. L.R. 7.1(a)(2).

III.   **ANALYSIS**

A.   **Plaintiff's Claim Under 29 U.S.C. § 1399(c)(2) for Interim Payments of Its Withdrawal Liability**

As stated above in Part I.C of this Decision and Order, Plaintiff seeks summary judgment of this claim because Defendant failed to make its interim payments as required by 29 U.S.C. § 1399(c)(2).  After carefully considering the matter, the Court finds that Defendant is required by 29 U.S.C. § 1399(c)(2) to make interim payments according to the schedule set forth in the notice and demand of withdrawal liability of September 9, 2008, for the reasons stated by Plaintiff in his memorandum of law and reply affidavit.  The Court would add only the following analysis.

The MPPAA states as follows, in pertinent part:

> Withdrawal liability shall be payable in accordance with the schedule set forth by the plan sponsor under subsection (b)(1) of this section beginning no later than 60 days after the date of the demand *notwithstanding any request for review or appeal of determinations of the amount of such liability or of the schedule.*

29 U.S.C. § 1399(c)(2) [emphasis added].  As a result, this "pay-first-question-later" procedure requires an employer to begin payment of its interim withdrawal liability sixty days after the date of the plan's demand for payment pursuant to 29 U.S.C. § 1399(b)(1)–regardless of any questions the employer may have regarding the calculation of the amount of withdrawal liability. *Bd. of Tr. of Trucking Emp. of New Jersey v. Canny,* 900 F. Supp. 583, 589 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *ILGWU Nat'l Ret. Fund v. Levy Bros. Frocks, Inc.* 846 F.2d 879, 882 [2d Cir. 1988]).

As for what constitutes adequate demand, 29 U.S.C. § 1399(b)(1) requires that, "as soon as practicable" after an employer's complete or partial withdrawal, the plan sponsor shall (1)

notify the employer of (i) the amount of the liability, and (ii) the schedule for liability payments set forth by the plan sponsor, and (2) *demand payment* in accordance with the schedule.  29 U.S.C. § 1399(b)(1) [emphasis added].

Here, on September 9, 2008, Plaintiff sent Defendant a written demand for payment (along with the notice of the amount of liability and the schedule for liability payments).  On September 10, 2008, Defendant receive the demand (and notice).  Under the circumstances, the Court finds that the Pension Fund's demand for payment complied with the requirements of 29 U.S.C. § 1399(b)(1).

As an initial matter, the Court rejects Defendant's argument that Plaintiff's demand was deficient because the accompanying notice lacked an explanation of the method used to calculate the withdrawal liability.  (Dkt. No. 18, Attach. 12.)  As noted above, the express language of the statute does not require the plan sponsor's demand to include an accounting of its calculations of withdrawal liability.  *See* 29 U.S.C. § 1399(b)(1).

Similarly, the Court rejects Defendant's argument that the Pension Fund did not make its demand "as soon as practicable" after Defendant's complete withdrawal from the Plan.  For the sake of brevity, the Court will set aside the fact that Plaintiff has adduced evidence reasonably explaining the 15-month delay in the making of its demand.  More persuasive to the Court is the fact that the timeliness issue raised by Defendant is not properly before the Court.  Rather, any dispute regarding the timeliness of Plaintiff's demand under 29 U.S.C. § 1399(b)(1) is statutorily committed to arbitration in the first instance.  29 U.S.C. § 1401(a)(1) ("*Any* dispute between an employer and the sponsor of a multiemployer plan concerning a determination made under sections 1381 through 1399 of this title *shall* be resolved through arbitration.") [emphasis

9

added].[7]

Upon receiving the demand for payment (and notice of withdrawal liability) on September 9, 2008, Defendant was immediately aware of its timeliness defense under 29 U.S.C. § 1399(b)(1).  However, Defendant did not submit its claim to arbitration as required by 29 U.S.C. § 1401(a)(1).  Simply stated, Defendant failed to exhaust all statutorily required arbitral remedies, and the defense is not properly before the court.  *Giroux Bros. Transp., Inc.  v.  New England Teamsters & Trucking Indus. Pension Fund*,  73 F.3d 1, 3-4 (1st Cir. 1996); *Vaughn v. Sexton*, 975 F.2d 498, 502 (8th Cir. 1992); *ILGWU Nat'l Ret. Fund v.  Smart Modes of Cal., Inc.*, 735 F. Supp. 106-07; *see also New York State Teamsters Conference Pension & Ret. Fund v.McNicholas Transp. Co.*, 848 F.2d 20, 22 (2d Cir. 1988) (holding that disputes subject to 29 U.S.C. § 1401[a][1] are not subject to judicial decision if not first submitted to arbitration).

For all of these reasons, Plaintiff's motion for summary judgment of its claim for interim payments under 29 U.S.C. § 1399(c)(2) is granted.

## B.    Plaintiff's Claim Under 29 U.S.C. § 1399(c)(5) for the Immediate Payment of Its Withdrawal Liability

As stated above in Part I.C of this Decision and Order, Plaintiff seeks summary judgment of this claim because Defendant defaulted on payment of its interim withdrawal liability.  After

---

[7]         *See also Giroux Bros. Transp., Inc. v. New England Teamsters & Trucking Indus. Pension Fund*, 73 F.3d 1, 3-4 (1st Cir. 1996) (holding disputes regarding the timeliness of demands under 29 U.S.C. § 1399[b][1] are statutorily committed to arbitration in the first instance); *Vaughn v. Sexton*, 975 F.2d 498, 502 (8th Cir.1992) (holding that a factual question of an undue delay is waived if not arbitrated), *cert. denied*, 507 U.S. 915 (1993); *ILGWU Nat'l Ret. Fund v. Smart Modes of Cal., Inc.*, 735 F. Supp. 103, 106-07 (S.D.N.Y. 1990) (stating that the timeliness defense in 29 U.S.C. § 1399[b][1] is waived if not arbitrated); *cf. New York State Teamsters Conference Pension & Ret. Fund v. McNicholas Transp. Co.*,  848 F.2d 20, 22 (2d Cir.1988) (holding that factual disputes implicate the exhaustion doctrine and must be arbitrated).

carefully considering the matter, the Court finds that Defendant is subject to the "immediate payment" provision of 29 U.S.C. § 1399(c)(5), generally for the reasons stated by Plaintiff in his memorandum of law and reply affidavit.  The Court would add only the following analysis.

Plaintiff argues that the Pension Fund's Board of Trustees declared that Defendant was in default under 29 U.S.C. § 1399(c)(5)(B).  (Dkt. No. 1; Dkt. No. 15, Attach. 2.)  Section 1399(c)(5)(B) defines default as any "event defined in rules adopted by the plan which indicates a substantial likelihood that an employer will be unable to pay its withdrawal liability." 29 U.S.C. § 1399(c)(5)(B).  Defendant responds that, because the Pension Fund never adopted any rules by which it could have made this determination, the determination of default was not made in accordance with 29 U.S.C. § 1399(c)(5)(B).  (Dkt. No.18, Attach. 12.)

Defendant further responds that, in addition, the Pension Fund could not declare Defendant in default under 29 U.S.C. § 1399(c)(5)(A).  (Dkt. No. 18, Attach. 12.)  Section 1399(c)(5)(A) permits a plan sponsor to declare a default when an employer does not cure a failure to make a payment due under 29 U.S.C. § 1399 within 60 days of receiving written notice from the plan that the employer has missed a payment.  29 U.S.C. § 1399(c)(5)(A).  More specifically, Defendant argues that, because Plaintiff never sent Defendant a written notice of a missed payment, Plaintiff cannot declare Defendant in default under 29 U.S.C. § 1399(c)(5)(A). (Dkt. No. 18, Attach. 12.)

As the Court noted above in Part III.A of this Decision and Order, Defendant may not challenge any determinations made by Plaintiff under 29 U.S.C. § 1399, because Defendant did not exhaust its administrative remedies by submitting those determinations to arbitration as required under 29 U.S.C. § 1401(a)(1).  These protected determinations include Plaintiff's

determination of default under 29 U.S.C. § 1399(c)(5).  The Court notes that the Second Circuit

has recognized that Congress intended that an arbitrator appointed under 28 U.S.C. §1401 would

decide even statutory interpretation questions in the first instance.  *Bowers v.  Andrew Weir*

*Shipping, Ltd.*, 27 F.3d 800, 807 (2d Cir.  1994) (citing *Levy Bros. Frocks, Inc.*, 846 F.2d at 886).

Because Defendant failed to exhaust its statutorily required arbitral remedies, the Court cannot

consider Defendant's argument that Plaintiff's determination of default was improper under the

statute.

      For these reasons, Plaintiff's motion for summary judgment of its claim of Defendant's

default under 29 U.S.C. § 1399(c)(5) is granted.[8]

### C.    Plaintiff's Claim Under 20 U.S.C. § 1132(g) for Interest, Costs, and Attorneys' Fees

      As stated above in Part I.C. of this Decision and Order, Plaintiff seeks summary

judgment of its claim that it is entitled to an award of interest and an additional award of interest

or liquidated damages, whichever is greater, pursuant to 29 U.S.C. § 1132(g), as well as statutory

costs and attorney fees in accordance with 29 U.S.C. §§ 1132(g), 1399(c)(3) and 1451(e).

      Based on the current record, the Court reserves judgment on this claim.  Section

1132(g)(2) provides, in pertinent part, as follows:

> In any action under this subchapter by a fiduciary for or on behalf of a
> plan to enforce section 1145 of this title in which a judgment in favor of
> the plan is awarded, the court shall award the plan–
>     (A) the unpaid contributions,. . .
>     (C) an amount equal to the greater of-- (i) interest on the unpaid
> contributions or (ii) liquidated damages provided for under the
> plan in an amount not in excess of 20 percent (or such higher

---

[8]    The Court cannot help but note that, under the circumstances, the resolution of the above-described "immediate payment" claim is of little consequence, given that all but four of the scheduled payments have already become due, as of the date of this Decision and Order.

> percentage as may be permitted under Federal or State law) of the
> amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs, to be paid by the
> defendant, . . . .

29 U.S.C. § 1132(g)(2).  Section 1399(c)(3) states that, "[i]f a payment is not made when due

[under 29 U.S.C. § 1399], interest on the payment shall accrue from the due date until the date

on which the payment is made."  29 U.S.C. § 1399(c)(3).  Section 1451(e) provides that, "[i]n

any action under this section, the court may award all or a portion of the costs and expenses

incurred in connection with such action, including reasonable attorney's fees, to the prevailing

party."  29 U.S.C. § 1451(e).

   Although the Plaintiff cited law entitling it to interest, costs, and attorneys' fees, it did

not provide the Court with any documentation to support its claim for these fees.  (*See generally*

Dkt. No. 15.)  In addition, Defendant did not address Plaintiff's arguments in its response to

Plaintiff's motion.  Therefore, the Court reserves judgment on this claim until it receives further

briefing by the parties.  Plaintiff shall file his supplemental brief (including any affidavits)

within fifteen days of the date of this Decision and Order; and Defendant shall file its

supplemental brief within thirty days of the date of this Decision and Order.

   **ACCORDINGLY,** it is

   **ORDERED** that Plaintiff's motion for summary judgment (Dkt. No. 15) is granted; and

it is further

   **ORDERED** that the Clerk of the Court is directed to enter a judgment in Plaintiff's

favor against Defendant in the amount of **THREE HUNDRED FOURTEEN THOUSAND,**

**EIGHT HUNDRED THIRTY-THREE DOLLARS AND FIFTY-FOUR CENTS**

**($314,833.54)** and close this case; and it is further

**ORDERED** that Plaintiff's counsel shall, within **FIFTEEN (15) DAYS** of the date of this Decision and Order, file with the Court briefing papers with calculations of an award of interest, attorneys' fees, and costs under 29 U.S.C. § 1132(g)(2), as stated above in Part III.C. of this Decision and Order; and it is further

**ORDERED** that defense counsel shall file her supplemental brief on the above-described issues within **THIRTY (30) DAYS** of the date of this Decision and Order.

Dated: July 11, 2012
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge