UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

FRANK VETRONE, as Trustee of the Cent.
NY Painters & Allied Trades Defined Benefit
Pension Fund,

                              Plaintiff,                        5:09-CV-1350
                                                                            (GTS/TWD)

v.

HOLT COMPANIES INC., f/k/a Holt Painting
Co., Inc.,

                              Defendant.
_____

APPEARANCES:                                               OF COUNSEL:

ALI, PAPPAS & COX, PC                             P. DOUGLAS DODD, ESQ.
  Counsel for Plaintiff
614 James Street
Syracuse, New York 13203

MELVIN & MELVIN, PLLC                        ELIZABETH A. GENUNG, ESQ.
  Counsel for Defendant
217 South Salina Street
Syracuse, New York 13202

GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

       In this action filed by Frank Vetrone as Trustee of the Central NY Painters & Allied Trades Defined Benefit Pension Fund ("Plaintiff") against Holt Companies, Inc. ("Defendant") pursuant to the Employee Retirement Income Security Act ("ERISA") as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), the Court granted in part Plaintiff's motion for summary judgment pursuant to Fed. R. Civ. P. 56 in a Decision and Order dated July 11, 2012. (Dkt. No. 24.) At that time, the Court reserved judgment on that part of

Plaintiff's motion that sought the award of interest, costs, and attorneys' fees until the Court received supplemental briefing from the parties. (Dkt. No. 24, at 12-13.) The Court has received that supplemental briefing. (Dkt. Nos. 25 and 27.) For the reasons set forth below, Plaintiff's motion for summary judgment seeking interest, costs, and attorneys' fees is granted.

## I.    RELEVANT BACKGROUND

### A.    Plaintiffs' Motion for Summary Judgment

On May 18, 2011, Plaintiff moved for summary judgment in this case pursuant to Fed. R. Civ. P. 56. (Dkt. No. 15.) Generally, in support of its motion for summary judgment, Plaintiff asserted the following three arguments: (1) Defendant is required by 29 U.S.C. § 1399(c)(2) to make interim payments according to the schedule set forth in the notice and demand of withdrawal liability of September 9, 2008, but has failed to do so; (2) Defendant has defaulted on that obligation pursuant to 29 U.S.C. § 1399(c)(5)(B), triggering the "immediate payment" provision of 29 U.S.C. § 1399(c)(5); and (3) Plaintiff is entitled to an award of interest and an additional award of interest or liquidated damages, whichever is greater, pursuant to 29 U.S.C. § 1132(g), as well as statutory costs and attorney fees in accordance with 29 U.S.C. §§ 1132(g), 1399(c)(3) and 1451(e). (Dkt. No. 15, Attach. 2, at 9-11 [attaching pages "5" through "7" of Plf.'s Memo. of Law].) Defendant responded to Plaintiff's motion on July 5, 2011. (Dkt. No. 18.) Plaintiff filed a reply to Defendant's response on July 12, 2011. (Dkt. No. 19.)

Familiarity with the legal arguments made by the parties in support of, and in opposition to, Plaintiff's motion for summary judgment, as well as the specific factual allegations underlying those arguments, is assumed in this Decision and Order, which is intended primarily for the review of the parties.

### B. Decision and Order of July 11, 2012

On July 11, 2012, the Court issued a Decision and Order on Plaintiff's motion. (Dkt. No. 24.) Generally, in that Decision and Order, the Court found that (1) Defendant was liable for the withdraw liability, as calculated by Plaintiff, and was legally obligated to make the interim payments according to the schedule; and (2) Defendant had defaulted on its required payments and was therefore subject to the "immediate payment" provision of 29 U.S.C. § 1399(c)(5). (Dkt. No. 24, at 8-12.) However, the Court reserved judgment on Plaintiff's request for interest, costs, and attorney's fees until it received further briefing from the parties. (Dkt. No. 24, at 13.) Plaintiff filed his supplemental brief on July 23, 2012, and Defendant filed its supplemental brief on August 10, 2012. (Dkt. Nos. 25 and 27.)

### C. Supplemental Briefings

Generally, in his supplemental brief, Plaintiff argues as follows: (1) based on a withdrawal liability of $314,833.54 and "the statutory [interest] rate of 6%, per annum," the total interest that has accrued on the sum owed from September 9, 2008, until July 11, 2012, is $72,505.53; (2) the sum of attorney's fees paid by Plaintiff is $21,940.00; (3) the sum of costs paid by Plaintiff is $661.81. (*See generally* Dkt. No. 25.)

In its supplemental brief, Defendant does not raise any objection to Plaintiff's calculations of interest or costs. (*See generally* Dkt. No. 27.) Rather, Defendant only objects to the reasonableness of Plaintiff's counsel billing 0.2 hours for leaving messages or making calendar entries, which Defendant argues should not take more than six minutes (and have not taken longer than six minutes, in defense counsel's experience with Plaintiff's counsel). (*Id.*, at ¶¶ 2-3.) As a result, Defendant requests that the Court reduce the award of attorney's fees "accordingly." (*Id.* at ¶ 4.)

3

## II.  LEGAL STANDARDS

### A.  Legal Standard Governing Motions for Summary Judgment

Because the parties to this action have demonstrated, in their previous filings, an accurate understanding of the legal standard governing motions for summary judgment, the Court will not recite that well-known legal standard in this Decision and Order, but will direct the reader to the Court's recent decision in *Pitts v. Onondaga Cnty. Sheriff's Dep't*, 04-CV-0828, 2009 WL 3165551, at *2-3 (N.D.N.Y. Sept. 29, 2009) (Suddaby, J.), which accurately recites that legal standard.

### B.  Legal Standard Governing the Award of Interest in This Action

Section 1132 of Title 29 of the United States Code provides, in pertinent part, as follows:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan–
> (A) the unpaid contributions,. . .
> (C) an amount equal to the greater of-- (i) interest on the unpaid contributions or (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs, to be paid by the defendant, . . . .

29 U.S.C. § 1132(g)(2).  Section 1399(c)(3) states that, "[i]f a payment is not made when due [under 29 U.S.C. § 1399], interest on the payment shall accrue from the due date until the date on which the payment is made."  29 U.S.C. § 1399(c)(3).

The applicable regulation promulgated by the Department of Labor provides that the interest rate to be used for overdue or defaulted withdrawal liability "shall be charged or credited for each calendar quarter at an annual rate equal to the average quoted prime rate on short-term commercial loans for the fifteenth day . . . of the month preceding the beginning of

each calendar quarter," unless the plan adopts rules that provide otherwise.  29 C.F.R. § 4219.32(b); *see also Bd. of Trs. of the UFCW Local 174 Pension Fund v. Jerry WWHS Co., Inc.*, 08-CV-2325, 2009 WL 982424, at *5 (E.D.N.Y. April 10, 2009).

### C. Legal Standard Governing the Award of Attorney's Fees in This Action

Rule 54 of the Federal Rules of Civil Procedure confers on federal courts the ability to award attorney's fees to the prevailing party when directed by federal statute or the civil rules. Fed. R. Civ. P. 54(d).  The MPPAA provides, in relevant part, that, "[i]n any action under this section, the court may award all or a portion of the costs and expenses incurred in connection with such action, including reasonable attorney's fees, to the prevailing party." 29 U.S.C. § 1451(e).

In deciding whether or not to award attorney's fees, courts must consider whether the following two conditions are present.  First, "the party must be a prevailing party in order to recover." *Pino v. Locasio*, 101 F.3d 235, 237 (2d Cir. 1996) (internal quotation marks omitted). Second, "if []he is, then the requested fee must also be reasonable." *Pino*, 101 F.3d at 237 (internal quotation marks omitted).

In *Farrar v. Hobby*, 506 U.S. 103 (1992), the Supreme Court held that "a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar*, 506 U.S. at 111-12.  According to the Court, a plaintiff who is awarded $1 in nominal damages is a prevailing party because, "a judgment for damages in any amount, whether compensatory or nominal, modifies the defendant's behavior for the plaintiff's benefit by forcing the defendant to pay an amount of money he otherwise would not pay." *Id.* at 113.

Assuming a Plaintiff is a prevailing party, the most important factor in determining the reasonableness of a fee is the degree of success obtained. *Farrar*, 506 U.S. at 113. When a plaintiff seeks compensatory damages but only receives nominal damages, "the only reasonable fee is usually no fee at all." *Id.* at 115. Having said that, the Second Circuit also considers the public purpose of the action when evaluating reasonableness. *See Pino*, 101 F.3d at 239 (adopting standard from Justice O'Connor's concurring opinion in *Farrar*, and noting that for a nominal damages plaintiff to receive attorney's fees, there must be "a new rule of liability that serve[s] a significant public purpose").[1] However, if a lawsuit merely gives plaintiff "the moral satisfaction of knowing that a federal court concluded that their rights had been violated" then the public purpose exception does not apply. *Pino*, 101 F.3d at 238.

**D.     Legal Standard Governing the Award of Costs**

The MPPAA provides, in relevant part, that, "[i]n any action under this section, the court may award all or a portion of the costs and expenses incurred in connection with such action, including reasonable attorney's fees, to the prevailing party." 29 U.S.C. § 1451(e).

Generally, costs include "reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998); *see also United States for Use and Benefit of Evergreen Pipeline Const. Co. v. Merritt-Meridian Const. Corp.*, 95 F.3d 153, 173 (2d Cir. 1996) (denying recovery for lack of documentation of what was copied and the number of copies made); *LV v. New York City Dept.*

---

[1] *See also Scott v. Hand*, 07-CV-0221, 2010 WL 1507016, at *3 (N.D.N.Y. April 15, 2010) (McAvoy, J.) (utilizing Justice O'Connor's three prong test for deciding attorney's fees, which includes [1] whether there is "a substantial difference between the judgment recovered and the recovery sought," [2] "the significance of the legal issue on which the plaintiff claims to have prevailed," and [3] whether the plaintiff "accomplished some public goal other than occupying the time and energy of counsel, court, and client") (citations omitted).

*of Educ.*, 700 F. Supp.2d 510, 528 (S.D.N.Y. 2010) (ruling that "meals and hand deliveries are not compensable.").

   **E.** **Legal Standard Governing Unopposed Motions**

In this District, a movant's burden with regard to an unopposed motion is lightened such that, in order to succeed, the movant need only show its entitlement to the relief requested in its motion, which has appropriately been characterized as a "modest" burden. *See* N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein . . . ."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1 n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases).[2]

**III.** **ANALYSIS**

   **A.** **Award of Interest**

In his supplemental brief, Plaintiff asserts that a "statutory"interest rate of 6% per year applies to calculate the interest on the defaulted withdrawal liability from the date at which the accelerated withdrawal liability amount became due (September 9, 2008) through the date of the judgment in this case awarding him the withdrawal liability (July 11, 2012). (Dkt. No. 25, at ¶ 2.) However, Plaintiff provides no citation as to which statute he is referring. (*Id.*)

This is not the sort of supplemental briefing the Court requested in its Decision and Order of July 11, 2012. Plaintiff's counsel is respectfully reminded of Local Rule 7.1, which provides, in pertinent part, that "[w]hen a moving party makes a motion based upon a rule or statute, the moving party must specify in its motion papers the rule or statute upon which it

---

   [2] *Cf. Di Giovanna v. Beth Isr. Med. Ctr.*, 08-CV-2750, 2009 WL 2870880, at *10, n.108 (S.D.N.Y. Sept. 8, 2009) (citing cases for proposition that plaintiff's failure to respond to argument made in summary judgment motion as to why certain claim should be dismissed constitutes abandonment of claim).

basis its motion." N.D.N.Y. L.R. 7.1(a)(1). This oversight by Plaintiff's counsel appears to be highly material, given that the Court's research indicates that the applicable rate is, in fact, substantially lower than 6% percent per year.

More specifically, as the Court indicated in Part II.B. of this Decision and Order, there appears to be no set "statutory" interest rate under the circumstances. Rather, it appears that interest must be calculated on a quarterly basis using published interest rates. 29 C.F.R. § 4219.32(b).

According to data published in the Federal Register and compiled by the Pension Benefit Guaranty Corporation, the annual interest rates for the relevant periods were as follows: for the third quarter of 2008, 5%; for the fourth quarter of 2008, 5%; for the first quarter of 2009, 4%; and for the second quarter of 2009 and every subsequent quarter thereafter, 3.25%. *Overdue or Defaulted Withdrawal Liability*, Pension Benefit Guaranty Corporation, http://www.pbgc.gov/prac/interest/oodwl.html (last visited August 16, 2012). Based on these figures, the Court calculates interest on Defendant's unpaid withdrawal liability of $314,833.54 is as follows:

| **Time Period** | **Days** | **Annual Rate** | **Accrued Interest on $314,833.54** |
|---|---|---|---|
| 9/9/08-12/31/08 | 114 | 5.00% | $4,903.14 |
| 1/1/09-3/31/09 | 90 | 4.00% | $3,105.21 |
| 4/1/09-12/31/09 | 275 | 3.25% | $7,709.11 |
| 1/1/10-12/31/10 | 365 | 3.25% | $10,232.09 |
| 1/1/11-12/31/11 | 365 | 3.25% | $10,232.09 |
| 1/1/12-7/11/12 | 193 | 3.25% | $5,395.61 |
| | | **TOTAL INTEREST ACCRUED** | **$41,577.25**[3] |

---

[3] To make the chart simpler and easier to read, the Court has combined different quarters within the same calendar year when those quarters had the same interest rate, even though the interest accrued is computed on a quarterly basis, pursuant to 29 C.F.R. § 4219.32(b).

For these reasons, the Court grants Plaintiff's motion for summary judgment for interest in the amount of $41,577.25.

### B.   Award of Attorney's Fees

As stated in Part I of this Decision and Order, Plaintiff requests that the Court award him attorney's fees, pursuant to 29 U.S.C. § 1451(e).  In support of this request, Plaintiff's counsel provides an affidavit and billing statements showing that Plaintiff paid a total of $21,940.00. (Dkt. No. 25, Attach. 1, at ¶ 5 [Dodd Affid.]; Dkt. No. 25, Attach. 2 [attaching billing statements as exhibits to Dodd Affid.].)

As noted above in Part I.C. of this Decision and Order, Defendant does not argue in response that Plaintiff is not entitled to an award of attorney's fees.  Rather, Defendant argues only that it is unreasonable for Plaintiff's counsel to charge 0.2 hours for leaving messages or making calendar entries.  (Dkt. No. 27, at ¶¶ 2-3.)

#### 1.   Prevailing Party

It is beyond reasonable dispute that Plaintiff is the prevailing party in this action. Defendant accordingly does not argue that Plaintiff is not the prevailing party.  (*See generally* Dkt. No. 27.)  Therefore, the Court finds that Plaintiff is the prevailing party and is entitled to an award of reasonable attorney's fees.

#### 2.   Reasonableness of Fee Award

The Court accepts Plaintiff's argument that an award of $21,940.00 in attorney's fees is reasonable under the circumstances.  As the Supreme Court has stated, when evaluating entitlement to attorney's fees, "the most critical factor is the degree of success obtained." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983).  In determining the degree of success obtained, this Court is "obligated to give primary consideration to the amount of damages awarded as

9

compared to the amount sought." *Farrar*, 506 U.S. at 114 (internal quotation marks omitted). Here, by prevailing on his motion for summary judgment, Plaintiff was awarded all of the relief he requested in his Complaint. (Dkt. No.1, at 5 [Plf.'s Compl.].) As a result, Plaintiff's degree of success was complete.

After carefully considering the matter, the Court rejects Defendant's argument that it is unreasonable for Plaintiff's counsel to charge 0.2 hours for leaving messages or calendaring activities under the circumstances (particularly considering that such activities, in this mathematically complex action, could well have been accompanied by a review of the file before completing the activity and a notation in the file afterwards). Furthermore, the Court's review of the record indicates that notations of leaving messages or undertaking calendar entries do not appear quite as prevalent in the billing statements as Defendant argues in her supplemental brief. (Dkt. No. 27, at ¶ 2 [stating such entries "occur nearly every month"].)

For these reasons, the Court grants Plaintiff's motion for summary judgment for attorney's fees in the amount of $21,940.00.

### C.  Award of Costs

Because Defendant has not specifically opposed Plaintiff's request for costs, Plaintiff's burden with regard to that part of his motion is lightened such that, in order to succeed on it, Plaintiff need only show its entitlement to the relief requested in that part of the motion, which has appropriately been characterized as a "modest" burden. *Dottolo v. Byrne Dairy, Inc.*, 08-CV-0390, 2010 WL 2560551, at *7, n. 13 (N.D.N.Y. June 22, 2010) (collecting cases). The Court finds that Plaintiff has meet its modest burden with regard to that part of his motion, for the reasons and appended documentation provided in his supplemental brief. (Dkt. No. 25.) The Court would only add that it would grant that part of Plaintiff's motion for summary judgment

that seeks an award of costs even if it were to subject that part of the motion to the more rigorous scrutiny appropriate for a contested motion.

For the reasons, the Court grants Plaintiff's motion for summary judgment for costs in the amount of $661.81.

**ACCORDINGLY,** it is

**ORDERED** that Plaintiff's motion for summary judgment seeking interest, costs, and attorney's fees in **GRANTED**; and it is further

**ORDERED** that, pursuant to 29 U.S.C. §§ 1132(g)(2) and 1399(c)(3), Plaintiff is awarded accrued interest in the amount of **FORTY-ONE THOUSAND, FIVE HUNDRED SEVENTY-SEVEN DOLLARS AND TWENTY-FIVE CENTS ($41,577.25);** and it is further

**ORDERED** that, pursuant to 29 U.S.C. § 1451(e), Plaintiff is awarded attorney's fees in the amount of **TWENTY-ONE THOUSAND, NINE HUNDRED FORTY DOLLARS AND ZERO CENTS ($21,940.00)**; and it is further

**ORDERED** that, pursuant to 29 U.S.C. § 1451(e), Plaintiff is awarded costs in the amount of **SIX HUNDRED SIXTY-ONE DOLLARS AND EIGHTY-ONE CENTS ($661.81)**; and it is further

**ORDERED** that the Clerk of the Court shall amend the judgment issued in favor of Plaintiff (Dkt. No. 24) to increase the amount awarded to **THREE HUNDRED SEVENTY-NINE THOUSAND, TWELVE DOLLARS AND SIXTY CENTS ($379,012.60)**.

Dated: September 12, 2012
　　　　Syracuse, New York

_____
Hon. Glenn T. Suddaby
U.S. District Judge